IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| THOMAS S. WENNER ) | |
| ) | |
| v. ) | NO. 3:03-0934 |
| ) | JUDGE CAMPBELL |
| SUN LIFE ASSURANCE COMPANY ) | |
| OF CANADA ) | |

MEMORANDUM

Pending before the Court is Plaintiff's Motion for Attorney's Fees (Docket No. 67). For the reasons stated herein, Plaintiff's Motion for Attorney's Fees (Docket No. 67) is GRANTED in part and DENIED in part. Plaintiff is awarded the sum of $29,338.00 as reasonable attorney's fees in this case.

Also pending before the Court is Plaintiff's Motion for permission to file a response (Docket No. 73). Plaintiff's Motion for permission to file a response is GRANTED (Docket No. 73), and the Clerk is directed to file Plaintiff's Reply in Support of Motion for an Award of Attorney's Fees.

FACTS

Plaintiff, Thomas S. Wenner, is an individual resident of Davidson County, Tennessee and an employee of Orchid Manufacturing Group, Inc. ("Orchid") (Docket No. 33 at 2). Defendant, Sun Life Assurance Company of Canada ("Sun Life") is an insurance carrier and is a Canadian corporation with its principal place of business in the United States in the Commonwealth of Massachusetts (Docket No. 1 at 3). In connection with his employment with Orchid, Plaintiff obtained long term disability insurance coverage through Defendant's Group Long Term Disability Policy No. 64742(the "Policy") (AR 1-46).

On October 24, 2000, Plaintiff suffered a heart attack and was awarded long term

disability benefits under the terms of the Policy (AR 480-481, 442). On February 21, 2003, Plaintiff was notified by Defendant that his long term disability benefits were being terminated because of his alleged failure to respond to correspondence (AR 323-325). Plaintiff unsuccessfully appealed the termination of his benefits and instituted suit in the Chancery Court for Davidson County, Tennessee alleging state law breach of contract and statutory bad faith claims (AR 156). Defendant removed this case to this Court based on jurisdiction under ERISA and the Court agreed that Plaintiff's state law claims were preempted by ERISA (Docket Nos. 36 and 37). After removal of the case to this Court, Plaintiff filed a Motion for Judgment on the administrative record. This Court, in its earlier opinion (Docket Nos. 53 and 54), found that Defendant's decision to terminate Plaintiff's long term disability benefits was arbitrary and capricious and reversed the judgment of the administrator.

Plaintiff now asks the Court for an award of attorney fees in the amount of $36,288.00.

## ANALYSIS

ERISA's fee-shifting provision provides that in an action for plan benefits, "the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." 29 U.S.C. §1132(g)(1). Defendant opposes an award of attorney's fees to Plaintiff. The Sixth Circuit has held:

> In an ERISA action by a plan participant, beneficiary, or fiduciary, the trial court, at its discretion, may award a reasonable attorney's fee to either party. ERISA §502(g)(1), 29 U.S.C. §1132(g)(1). This court has held that in exercising its discretion, a trial court should consider the following factors:
>
> (1) the degree of the opposing party's culpability or bad faith; (2) the opposing party's ability to satisfy an award of attorney's fees; (3) the deterrent effect of an award on other persons under similar circumstances; (4) whether the party requesting fees sought to confer a common benefit on all participants and beneficiaries of an ERISA plan or resolve significant legal questions regarding

2

ERISA; and (5) the relative merits of the parties' positions. Secretary of Dep't of Labor v. King, 775 F. 2d 666, 669 (6th Cir. 1985).

It is the opinion of the Court that the above factors, on balance, weigh in favor of an award of attorney's fees to Plaintiff.

On the issue of culpability and bad faith, the Court finds that Defendant's decision to terminate Plaintiff's long term disability benefits weighs in favor of Plaintiff. More specifically, the Court's finding of arbitrary and capriciousness based upon Defendant's decision to terminate Plaintiff's long term disability benefits because of Plaintiff's failure to respond to a misdirected request for updated information and Defendant's failure to provide a reasoned explanation for its decision to terminate Plaintiff's benefits evidences a high degree of culpability, if not bad faith.

With regard to Defendant's ability to satisfy an award of attorney's fees, the Court finds that there is no evidence in the record on the Defendant's ability or lack of ability to satisfy an award of attorney's fees. Therefore, the second factor carriers no weight either way in this case.

As to the issue of deterrence, the Court finds that an award of attorney's fees to Plaintiff in this case would have a deterrent effect on other insured ERISA health benefit plans under similar circumstances in that an award of attorney's fees would deter other ERISA health benefit plan administrators from withdrawing disability benefits without first providing a reasoned explanation for their decision to do so. In addition, an award of attorney's fees in this case would deter Defendant from terminating a plan participant's benefits in the future without a reasonable basis.

The fourth King factor weighs in favor of Defendant. Plaintiff did not seek to confer a common benefit on all plan participants or resolve a significant legal question regarding ERISA.

Finally, with regard to the relative merits of the parties' position, this factor weighs in favor of Plaintiff. Plaintiff is the prevailing party in this litigation based upon Defendant's arbitrary and capricious decision to terminate Plaintiff's long term disability benefits. After Defendant denied Plaintiff's appeal for reinstatement of his benefits, Plaintiff was left with the option of foregoing the benefits to which he was due or institute this action.

Accordingly, on balance the King factors weigh in favor of Plaintiff and an award of attorney's fees to Plaintiff in this case.

In addition to opposing Plaintiff's request for attorney's fees, Defendant also argues that Plaintiff's attorney's fee claim should be reduced by the amount of fees incurred by Plaintiff in pursuing its preempted state law claims which Defendant asserts amounts to 51.1 hours or $12,775. Plaintiff, on the other hand, asserts that Defendant has mischaracterized the time spent on behalf of Plaintiff, and that the time entries in dispute were incurred pursuant to a case management order directing that the parties conduct discovery and file cross motions concerning "whether this is an ERISA case or not."

The Court agrees with Defendant that Plaintiff should not be allowed to recover fees under ERISA for time spent pursuing state law claims that are preempted by ERISA. The Court, however, also finds that time spent by Plaintiff in developing its state case and in addressing the issue of whether this is an ERISA case or not as directed by the Court, including client and witness interviews, analysis and consideration of the administrative record, is integral to and a necessary part of Plaintiff's ERISA case. Accordingly, given the difficulty of discerning with precision the time entries that are attributable to Plaintiff's state law cause of action and those which are in furtherance of Plaintiff's ERISA case, the Court finds that it is reasonable to reduce

4

the time entries submitted by Plaintiff from the filing of this action until the Court's July 9, 2004 determination (Docket Nos. 36 and 37) that Plaintiff's state law cause of action was preempted by ERISA by fifty percent (50%) or $6,950.00 (27.8 hours at $250.00/hour).

Finally, Defendant argues that Plaintiff is not entitled to recover attorney's fees for time spent on appellate matters. More specifically, Defendant argues that Plaintiff's claim for attorney fees incurred in connection with the current appeal is premature and entirely inappropriate. The Court finds, however, that the time reflected on Plaintiff's fee application request does not reflect amounts due and owing in connection with the current appeal of this matter, but rather time spent dealing with the premature appeal filed by Defendant (Docket No. 56). Thus, the Court declines to reduce Plaintiff's fee request by the time spent by Plaintiff's attorney in defending the premature appeal.

Accordingly, the Court awards Plaintiff the sum of $29,338.00 as a reasonable attorney's fee and cost of this action.

IT IS SO ORDERED.

*Todd Campbell*
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE